Ottumwa National Bank, Appellee, v. John Crawford et al., Appellants.

No. 41453.

October 19, 1932.

Rehearing Denied April 6, 1933.

Calhoun & Calhoun, for appellants.

H. B. Sloan, and Jones & White, for appellee.

Stevens, C. J.—The note in suit was executed on October 3, 1924, by the appellants, John and N. E. Crawford, to the Stockport Savings Bank of Stockport, Iowa, in renewal of a prior similar note. The petition was in the usual form of an action upon a promissory note, and alleged that the appellee, Ottumwa National Bank, was the holder thereof in due course for value.

It is further alleged in the petition that the prior note was executed March 15, 1924, and that on May 15, 1924, it was transferred to the appellee bank which was before maturity for value. We gather from the pleadings that the renewal note was immediately

forwarded to appellee and the prior note surrendered to the Stock-port bank. Whether it has been canceled and delivered to appellants we are not advised. The separate answer of the appellant N. E. Crawford consists of a denial that appellee is the owner of the note and the affirmative allegation that it has been fully paid.

The separate answer of the appellant John Crawford also contains a general denial of the allegations of the petition not otherwise specifically admitted. The ultimate facts pleaded in the answer are that some time in October, 1922, the Stockport Savings Bank, becoming insolvent, closed and was subsequently reopened upon an arrangement with depositors; that John F. Webber, president of the appellee bank, then became president of the Stockport Savings Bank which, it is charged, was then insolvent, with the full knowledge of the said Webber; and that appellee is not for this reason a holder of said note in good faith or for value.

It is further alleged in the separate answer of John Crawford that the Stockport Savings Bank finally closed its doors on October 9, 1924, the day after the note in suit was executed, and that on the above dates he had on deposit in the Stockport Bank $2,474.35, no part of which has been paid, and asks that the same, so far as necessary for that purpose, be set off against the note.

That Webber had knowledge of the financial condition of the Stockport Savings Bank may be assumed. Neither of the separate answers filed set up any defect in the title of the prior, or the renewal, note in the hands of the designated payee. We, therefore, have no question before us arising under the Negotiable Instruments Law.

The argument of counsel for appellant is directed almost wholly to the proposition that, for the reason that Webber, together with the other officers of the Stockport Savings Bank, knew that it was insolvent and therefore held its assets as trustees for the benefit of creditors, the appellee bank of which the said Webber was also president could not, even for value, obtain title to the note. Upon this theory, the relation of the appellee John Crawford to the Stockport Savings Bank was both that of a creditor and debtor. In such situation, he would be entitled to offset his debt to the bank against the debt of the bank to him. If, however, the transfer of the note in suit to the appellee bank was for a full consideration, neither appellant nor any other creditor of the Stockport Bank would have cause for complaint. No right of offset would exist. The receipt by the payee of the full value of the instrument fully conserved all of

the legal rights of its creditors. It is immaterial that at this time the proceeds received for the note may have been dissipated by the insolvent bank. Of course, if the Stockport Bank may be held to be the present owner of the note, appellant's right of offset would, of course, be conceded.

It is not claimed that the officers of the Stockport Savings Bank, as such, or as trustees, have been guilty of any fraud of which appellant may complain. He was indebted in the first instance to the Stockport Savings Bank for the full amount of the note. His right of set-off obviously does not extend to a *bona fide* purchaser of the note before maturity and for value. The right of the officers of the bank, although insolvent, to transfer the note for value, is not only obvious, but we so held in Andrew v. Citizens State Bank of Goldfield, 207 Iowa 386, 221 N. W. 954. The knowledge of Webber that the Stockport Savings Bank was in fact, although a going concern, insolvent, does not affect the right of the trustees to dispose of the bank's assets so long as the rights of creditors are in no measure thereby impaired or interfered with.

The trustees were not bound to retain the note for the purpose of enabling appellant to offset the indebtedness of the bank to him against the same. Their right to negotiate for full value was absolute at the time it was transferred.

On final submission the sole questions urged were those arising out of ruling of the court on the motion to strike. This being true, the judgment must, in the light of our holding already announced, be, and it is, affirmed.

DE GRAFF, ALBERT, FAVILLE, and WAGNER, JJ., concur.